UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA , ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:08-cr-16-01 SEB-KPF |
| vs. ) | |
| ) | |
| ROLLIE MONTEZ MITCHELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE
TO ADMIT EVIDENCEOF RECORDINGS
AND
DENYING DEFENDANT'S CROSS MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF RECORDINGS**
(Docket Nos. 41 & 81)

Defendant is charged by way of a Grand Jury Indictment with the offense of knowingly distributing 50 grams or more of a mixture or substance containing cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii). He has pled not guilty and is scheduled for a jury trial to commence on November 9, 2009.

The government filed a pretrial motion in limine requesting that the Court determine the admissibility of two recorded conversations between the confidential informant ("CI") and the defendant obtained through a recorded phone call and from a body wire device worn by the CI. The government disclosed that the CI is not and will not be available to testify at trial because, within a matter of a few days following the defendant being charged in state court, the CI was shot to death by an unknown assailant in a parking lot. Shortly thereafter, the state court charges were dismissed.

In seeking this pretrial ruling on the admissibility of the three recorded conversations, the

1

government has stated that it intends to call the case agent who was present when the CI made the coordinated phone call reflected in the first call (Exhibit 1), who will testify to his familiarity with the voices of the participants, the type and quality of the recording equipment and the procedures followed in securing the recorded conversations.  He will also testify to the surveillance that was conducted during these transactions and the chain of custody relating to the physical evidence obtained during them.  In this way, consistent with the requirements of Federal Rule of Evidence 901(a), the government will satisfy the requirement that the recorded conversations are what they claim them to be and that, by clear and convincing evidence, the government will establish that the recordings are true, accurate and authentic.  United States v. Emerson, 501 F.3d 804, 813 (7th Cir. 2007).

The Defendant has objected to the admissibility of the three recordings and their accompanying transcripts pursuant to the Supreme Court holding in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

In Crawford, the Supreme Court ruled that the Sixth Amendment's Confrontation Clause prohibits testimonial hearsay evidence unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him.  However, this limitation applies only to hearsay, which means that the statement must be offered for the truth of the matter asserted.  Crawford, 541 U.S. at 59 n. 9, 124 S.Ct. 1354.  See also United States v. Tolliver, 454 F. 3d 660, 664-65 (7th Cir. 2006).

Thereafter, in a case closely resembling the facts and legal issues raised here by our defendant, the Seventh Circuit held, in United States v. Van Sach, 458 F. 3d 694, 701 (7th Cir. 2006), that "(w)hen recorded evidence is admitted in the absence of testimony by an informant who recorded the conversation, the Confrontation Clause of the Sixth Amendment is not violated if the

statements are non-testimonial and are not offered for the truth of the matter asserted. It is well settled that non-hearsay statements are admissible if they are offered to provide context. (Citations omitted)"

"When offered for context and not for the truth," says the Court of Appeals, "the declarant's statements are not hearsay (citations omitted), and thus not subject to Crawford." United States v. York, 572 F. 3d 415 (7th Cir 2009).

The government seeks to have the tape recorded conversations purportedly occurring between the now unavailable confidential informant and the defendant ruled admissible as evidence not for the truth of the statements made by the confidential informant, but to provide context for the defendant's reactions and responses to those statements. The transcripts of the three proffered conversations have been provided to the defendant and the Court for review. From our analysis, it is clear that the statements allegedly made and recorded there between the confidential informant and the defendant are relevant evidence of context which will aid the jury in understanding the defendant's alleged statements and actions relating to the charged offense.

The defendant specifically objects to the admissibility of the June 6, 2006, telephone conversation (which occurred at 3:39 pm, approximately thirty-five minutes after the first recorded conversation) (see Exhibit 2 to the Government's Supplement to the Motion in Limine) based primarily on the inaudibility of those alleged statements. Obviously, the brevity and inaudibility of that conversation, compared to the other two, more extended conversations, makes its relevance less clear. The entire exchange, as referenced in Exhibit 2, is as follows:

    C.I. (Hurd) – What it do...

    Def (Mitchell) – (Inaudible)

> CI (Hurd) – Shit, shit, till ou...out here at the Steak & Shake...still
>
> Def (Mitchell) – (Inaudible)
>
> CI (Hurd) – Alright, bet ...

The government concedes that this conversation is very short and difficult to understand. Nonetheless, it contends, first, that the reference contained there by the CI that he is still "out here" at the Steak & Shake is important and, further, according to government counsel, "is hardly a matter in contention," given that the confidential informant was being video-recorded at the moment that conversation was occurring and at the Steak & Shake location. Further, the government discloses that the CI was under active surveillance at the time by "no fewer than a dozen law enforcement officers sitting at or near the Steak & Shake." (Page 5, US Reply to ... Motion in Limine)

More to the point, in terms of the motion in limine, the government asserts that "the recording (will be) offered to put the whole series of events in context," since it followed the "pre-buy" contact between the defendant and the informant from which revealed that "the two (participants) were not firm in their plans of a meeting time or location for the crack cocaine exchange." (Page 5, US Reply brief)  The government also points out that, at the end of the immediately prior recorded conversation, the CI asked the defendant if the defendant was going to call him when he got the crack cocaine ready for delivery to the CI, and the defendant responded that he would do so.  This second conversation, brief as it is, could be interpreted by the jury as proof that the defendant did what he had promised the CI he would do, namely, to call the informant and giving final directions for their ensuing meeting. The government also anticipates that it will be able to prove, based on law enforcement surveillance testimony, that defendant did, in fact, within a matter of only a few minutes, arrive at the Steak & Shake parking lot and met with the informant

in the informant's car.

Based on this proffer of evidence by the government, we are persuaded that the three recorded conversations are admissible not for the truth of the matters asserted therein by the CI, but as evidence of the surrounding context to explain the alleged actions and words by the defendant. Because the government's proffered evidence, to wit, the alleged statements and accompanying transcripts, are not hearsay, they do violate the teachings of Crawford or otherwise offend Sixth Amendment Confrontation Clause principles.

Accordingly, the government's Motion in Limine to Admit Evidence at Docket No. 41 is **GRANTED**, and the Defendant's Cross Motion in Limine to Exclude Evidence at Docket No. 81 is **DENIED.**

IT IS SO ORDERED.

Date: 10/23/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE
Matthew.Brookman@usdoj.gov